## George Mirkovich, Appellee, v. Lazo Maravich, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. H. L. Browning, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed June 18, 1917.

### Statement of the Case.

Action by George Mirkovich, plaintiff, against Lazo Maravich, defendant, to recover damages for breach of a provision in a contract of sale of saloon business by which defendant agreed not to engage in the saloon business, within five blocks of the place where he had been in business, for three years. From a judgment for plaintiff for $1,300, defendant appeals.

J. E. Grace and Dan McGlynn, for appellant.

Minock & Zulley, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

### Abstract of the Decision.

1. DAMAGES, § 153*—*when verdict for breach of contract not to engage in saloon business within stipulated territory is sustained by evidence.* In an action to recover damages for breach of contract not to engage in the saloon business within a certain number of blocks for a period of three years, where the defendant sold his saloon to the plaintiff and within about a month conducted a saloon within said radius, and where defendant contended that there was no basis in the evidence for the verdict rendered, unless speculative profits were made the basis, and the facts showed a flagrant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

violation of the contract and that plaintiff's loss of business was occasioned by the opening of the saloon, and the only question was as to the amount of damages, *held* that proof of plaintiff's damages was difficult, and as plaintiff lost $20 per day after the other saloon was opened, and $2,000 in cash, and was compelled to close his doors in about eight months, a verdict for $1,300 was warranted.

2. DAMAGES, § 66*—*what are recoverable for violation of covenant not to engage in like business.* For a violation of a covenant not to engage in a business like the one sold, the injured party may recover for loss of profits and diminution in the value of the business.

3. CONTRACTS, § 393*—*when refusal of instruction in action for breach of contract not to engage in like business is not error.* In an action to recover damages for breach of a contract not to engage in a business like that sold to plaintiff, where an instruction that before plaintiff could recover he must prove that his business was damaged as a consequence of the breach of the contract, *held* that, as the execution and validity of the contract were not disputed, plaintiff was entitled to recover at least nominal damages without any proof of actual damages, and therefore the refusal of the instruction was not error.

4. DAMAGES, § 198*—*not necessary that all instructions state measure of.* In an action to recover damages for breach of a contract not to engage in a business like that sold to plaintiff, where the giving of instructions telling the jury that if they believed from a preponderance of the evidence that the contract was executed and that defendant had violated it, their verdict should be for the plaintiff, were complained of, *held* that such instructions stated the law correctly, and, as the instructions on the whole stated the measure of damages correctly, it was not necessary for each instruction to state such measure.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.